# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, HERRING, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist CHRISTOPHER D. DELAUGHTER**
**United States Army, Appellant**

ARMY 20160134

Headquarters, Fort Bliss
Michael J. Hargis, Military Judge
Colonel Charles C. Poche, Staff Judge Advocate (pretrial)
Lieutenant Colonel Casey Z. Thomas, Acting Staff Judge Advocate (recommendation)
Colonel Charles C. Poche, Staff Judge Advocate (Addendum)

For Appellant: Captain Heather L. Tregle, JA; Captain Joshua G. Grubaugh, JA.

For Appellee: Lieutenant Colonel A.G. Courie III, JA.

14 June 2016

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Per Curiam:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of three specifications of assault consummated by a battery, in violation of Article 128, Uniform Code of Military Justice, 10 U.S.C. § 928 (2012) [hereinafter UCMJ]. The military judge sentenced appellant to a bad conduct discharge, three months confinement, and reduction to the grade of E-1. The military judge recommended that the convening authority suspend two of the three months confinement. The convening authority approved the findings and sentence as adjudged.

Appellant's case is before this court for review under Article 66, UCMJ. Although appellant assigns no errors, our review of the record discloses one issue which requires us to set aside the convening authority's action and return this record of trial for a new staff judge advocate recommendation (SJAR) and initial action (Action).

## BACKGROUND

Appellant pled guilty to assaulting his wife on three separate occasions. Testimony on sentencing revealed there was stress in the marriage due in part to the autistic condition of appellant's son. Appellant's wife testified that their son's condition was more manageable when the appellant was present in the home. Based on this testimony the military judge recommended that two months of the sentence to confinement be suspended. The SJAR properly informed the convening authority of this recommendation but also contained the following paragraph:

> 5. In accordance with the amendments to Article 60, UCMJ, implemented by Section 1702 of the National Defense Authorization Act of 2014 and R.C.M. 1107(d)(1)(A) and 1107(d)(1)(B), you may not disapprove, commute, or suspend, in whole or in part, any portion of an adjudged sentence of confinement for more than six (6) months or disapprove, commute, or suspend that portion of an adjudged sentence that includes a Dismissal, Dishonorable Discharge, or Bad-Conduct Discharge.

The appellant submitted Rule for Courts-Martial (R.C.M.) 1105 matters (Post-Trial Matters) in which he requested that two of the three months of confinement be suspended so he could be present to assist with the care of his autistic son. The Addendum stated that Post-Trial Matters were attached and that the convening authority must consider these matters before taking action. It did not specifically inform the convening authority that the appellant was requesting suspension of two months confinement. However, the Addendum contained the same paragraph 5 above discussing the amendments to Article 60, UCMJ.

## DISCUSSION

It is not clear to this court why identical paragraph number fives appeared in the SJAR and Addendum. This is particularly true since the convening authority was not being asked to take any action that would have run afoul of the recent amendments to Article 60, UCMJ. We can surmise that this paragraph was most likely included as "boilerplate" to guard against any action being taken that would be prohibited by these recent amendments. While this may have been a laudable goal, its execution in this case was flawed in regards to the advice on confinement. The addition of this paragraph only adds potential for confusion as the appellant is requesting suspension of confinement and the convening authority is being advised that he cannot suspend confinement under certain circumstances. Accordingly, we cannot be reasonably confident that the convening authority understood that he had the authority to grant the confinement clemency recommended by the military judge and requested by the appellant.

2

DELAUGHTER—ARMY 20160134

We take this opportunity to remind staff judge advocates that their post-trial documents must be tailored to the unique facts of the particular case at issue. No doubt there is a certain degree of commonality and uniformity in these documents but the preparation of post-trial advice must not and cannot become a rote exercise.

## CONCLUSION

Therefore, on consideration of the entire record, the convening authority's action is set aside. The record of trial is returned to the Judge Advocate General for remand to an appropriate convening authority for new post-trial processing. The record shall then be returned to this court for review under Article 66(c), UCMJ.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

3